[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
During the evening hours of May 23, 2000, and the early morning hours of the following day, the plaintiff, Darlene Linders, was in the bar of the defendant, Crystal Lake Bar Grill, located at 117 Stafford Road in the town of Ellington, with a friend, Donna Armstrong, who was served and consumed, alcoholic beverages while she was intoxicated. During the early morning hours of May 24, 2000, while she was still under the influence of the alcohol that she had been served and consumed in that establishment, Armstrong operated the motor vehicle in which the plaintiff was riding as a passenger when she lost control of the vehicle on Route 140 in Ellington and struck a tree, causing the plaintiff to sustain severe personal injuries, for which she claims damages pursuant to General Statutes § 30-102.
On the dates stated in the complaint, the plaintiffs complaint alleges that the defendant, Christopher Libby, was the backer and permittee of the Crystal Lake Bar Grill, that Donna Armstrong was sold alcoholic beverages by the said defendant, or by his agents, servants or employees, while she was intoxicated, and that "[w]ritten notice as required by [the Dram Shop Act] was given to the defendants within sixty (60) days of the occurrence thereof" Both defendants were defaulted for failure to appear, and counsel for the plaintiff submitted an affidavit stating that the department of consumer protection had issued a license to the Crystal Lake Bar and Grill under the name of Christopher Libby, d/b/a Crystal Lake Bar Grill, that the department of liquor control had licensed Christopher W. Libby d/b/a Crystal Lake Bar Grill and listed him as the permittee and backer, and that the secretary of the state had no corporate listing for the Crystal Lake Bar Grill. CT Page 361
The court finds that the defendant, Christopher Libby, is not in the military service based on the information given to a state marshal to that effect by the person in charge of the Crystal Lake Bar Grill. At the hearing in damages conducted on October 3, 2001, the plaintiff, through counsel, submitted her medical and hospital bills and records as well as the reports and office notes of her medical care providers, and the plaintiff herself testified as to her nonpecuniary losses, including her physical pain and suffering, mental and emotional distress and permanent partial disability.
The attending physician who examined her in the emergency room immediately after the accident admitted her to the hospital for observation and treatment for two days because she had apparently suffered a concussion "as well as a possible myocardial contusion, sternal bruising and a possible sternal hairline fracture as well as elbow pain and shoulder pain." The plaintiff was examined and treated by Doctor Steven Shifreen between May 6, 2000 and July 23, 2001, and it was his opinion at the time of her last office visit that she had reached maximum medical improvement and that "[i]n view of the fact that Ms. Linders has failed to fully recover from the injuries she sustained on May 24, 2000 I will assign a 5% permanent partial impairment to the cervical spine and a 5% permanent partial impairment to the dorso-lumbar spine."
The plaintiff testified at the hearing in damages held on October 3, 2001, and confirmed the fact that her hospital and medical bills, which had been entered into evidence, totaled $9,241.30, and that those medical expenses were incurred as a result of the accident. She also stated that her memory had been impaired ever since then, that she had frequent headaches and dizziness that interfered with her daily activities, that she still had chest pain and her injuries made lifting painful and difficult, and that the tooth she fractured in the accident had not been repaired.
At the conclusion of the hearing, counsel stated that none of the plaintiffs hospital and medical bills had been paid and that there were no collateral sources. He further claimed that the evidence showed that the plaintiff was entitled to an award of $20,000, the maximum amount recoverable under the Dram Shop Act.
The court finds that the plaintiff, Darlene Linders, is entitled to damages resulting from the injuries she sustained in the accident of May 24, 2000, and has established the facts necessary to justify the following award: CT Page 362
The plaintiff shall recover as economic damages for her pecuniary losses incurred for medical and hospital expenses, the amount of $9,241.30, and as noneconomic damages for all nonpecuniary losses, including physical pain and suffering, permanent partial disability and mental and emotional suffering, the sum of $10,758.70, for a total award of twenty thousand dollars pursuant to the provisions of § 30-102 of the General Statutes.
Accordingly, judgment shall enter in favor of the plaintiff, Darlene Linders, against the defendant, Christopher W. Libby, doing business as the Crystal Lake Bar Grill, in the amount of $20,000.00.
 Hammer Judge Trial Referee